IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTERPORT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| GEOCV, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. in which Plaintiff Matterport Inc. ("Plaintiff" or "Matterport") makes the following allegations against Defendant GeoCV, Inc. ("Defendant" or "GeoCV").

## PARTIES

1.      Matterport is a corporation organized under the laws of the State of Delaware. Matterport is headquartered at 352 East Java Drive, Sunnyvale, CA 94089.

2.      GeoCV is a Delaware corporation with its principal place of business at 833 Broadway, 2d floor, New York, NY 10003.  GeoCV can be served through its registered agent, InCorp Services, Inc. 919 North Market St. Suite 950, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over GeoCV in this action at least

because GeoCV is incorporated in Delaware.  GeoCV has purposefully availed itself of the rights

and benefits of Delaware law.

4.      Venue is proper in this Court because, among other things, GeoCV is

incorporated in the State of Delaware and therefore "resides" in this judicial district for purposes

of 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

5.      Matterport was founded in 2011 with the express goal of establishing 3D and

virtual reality models as a primary medium for experiencing, sharing, and reimaging the world.

Since its inception, Matterport has invested tens of millions of dollars developing innovative

technology to power its end-to-end system for creating, modifying, distributing, and navigating

immersive 3D and virtual reality (VR) versions of real-world spaces.  During this time,

Matterport has grown to over 200 employees worldwide and is consistently recognized as

pioneer in its field.  In 2014, Matterport released the first commercially available release of its

comprehensive product platform for capturing, creating and experiencing three dimensional

photographic models.

6.      In order to protect Matterport's substantial investment and market-leadership

position, Matterport has applied for and has been awarded over a dozen patents for its

innovations by the United States Patent and Trademark Office.  Matterport's patents cover, *inter

alia*, technologies relating to capturing, aligning and interacting with 3D models.  Six of those

patents are at issue in this lawsuit.

7.      GeoCV is a startup company that has set out to compete with Matterport by

copying its technology and offering it as an alternative to Matterport.

8.      On October 14, 2014, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,861,840, entitled "Identifying and Filling Holes Across Multiple Aligned Three-Dimensional Scenes" ("the '840 Patent").  The '840 Patent names as its inventors Matthew Bell and Dave Gausebeck.

9.      On October 20, 2015, the U.S. Patent and Trademark Office issued U.S. Patent No. 9,165,410, entitled "Building a three-dimensional composite scene" ("the '410 Patent").  The '410 Patent names as its inventors Matthew Bell and Dave Gausebeck.

10.      On October 27, 2015, the U.S. Patent and Trademark Office issued U.S. Patent No. 9,171,405, entitled "Identifying and filling holes across multiple aligned three-dimensional scenes" ("the '405 Patent").  The '405 Patent names as its inventors Matthew Bell and Dave Gausebeck.

11.      On November 4, 2014, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,879,828, entitled "Capturing and aligning multiple 3-dimensional scenes" ("the '828 Patent").  The '828 Patent names as its inventors Matthew Bell and Dave Gausebeck.

12.      On April 24, 2018, the U.S. Patent and Trademark Office issued U.S. Patent No. 9,953,111, entitled "Semantic understanding of 3D data" ("the '111 Patent").  The '111 Patent names as its inventors Matthew Tschudy Bell, David Alan Gausebeck, Daniel Ford, and Gregory William Coombe.

13.      On July 24, 2018, the U.S. Patent and Trademark Office issued U.S. Patent No. 10,030,979, entitled "Determining and/or generating a navigation path through a captured three-dimensional model rendered on a device" ("the '979 Patent").  The '979 Patent names as its inventors Kevin Allen Bjorke and Matthew Tschudy Bell.

14. GeoCV was given notice at least as early as September 25, 2018 that its use, sale, and/or offer for sale of its 3D modeling product infringed the Matterport patents asserted in this lawsuit.

15. GeoCV has willfully disregarded Matterport's patents, without any reasonable basis for believing that it had a right to engage in the infringing conduct. In particular, and among other things, GeoCV's egregious misconduct has included deliberately copying Matterport's technologies, including its patented features.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 8,861,840**

16. Matterport realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

17. Matterport owns all right, title, and interest in the '840 Patent, including the right to bring this suit for infringement. A copy of the '840 Patent is attached hereto as Exhibit A.

18. GeoCV has offered for sale, sold, made, and/or used in the United States GeoCV products and services that infringe the '840 Patent, and continues to do so. By way of illustrative example, these infringing products and services include without limitation GeoCV's Virtual Home Tour (the "Accused Instrumentality").

19. GeoCV has directly infringed and continues to infringe under 35 U.S.C. § 271(a) the '840 Patent, for example, by using the Accused Instrumentality, which performs a method for building a three-dimensional composite scene claimed by Claim 1 of the '840 Patent, comprising: using a processor to execute the following computer executable instructions stored in a memory to perform the following acts: receiving three-dimensional data captured via one or more three-dimensional capture devices, the three-dimensional data comprising a plurality of three-dimensional scenes; aligning the three-dimensional data to create a three-dimensional

composite scene, wherein the aligning comprises: generating possible alignment schemes between two or more three-dimensional scenes selected from the plurality of three-dimensional scenes, evaluating the possible alignment schemes based on comparison of shape and visual appearance metrics associated with the two or more three-dimensional scenes as aligned with respect to each of the possible alignment schemes, selecting an alignment scheme from the possible alignment schemes based on the evaluating, and creating the three-dimensional composite scene based on the alignment scheme; and filling a hole identified in the three-dimensional composite scene.  The Accused Instrumentality includes a cloud-based server for constructing three-dimensional renderings.  When constructing these renderings, the Accused Instrumentality receives panoramic images and three-dimensional scans and relies on geometry and texture information for alignment of the scans.  *See, e.g.*, https://www.youtube.com/watch?v=bjOQL3l2jkE at 42:25.  After a reasonable opportunity for further investigation or discovery, including the inspection of non-publicly available source code, Matterport believes it will have evidentiary support for its contention that during the process of aligning the 3D scans, the Accused Instrumentality (1) generates and evaluates possible alignment schemes and (2) fills in missing depth data in the final three-dimensional rendering.

20.     In addition to directly infringing the '840 Patent, GeoCV has contributed to the infringement of at least claim 1 of the '840 Patent pursuant to 35 U.S.C. § 271(c) by offering to sell and selling the Accused Instrumentality to customers within the United States with knowledge of the '840 Patent.  To the extent that the stated functionality above takes place on software specially designed by GeoCV to run on a customer's handheld device (as opposed to on the cloud-based server), that software constitutes a material part of the invention of the '840

Patent, and GeoCV's sale of that software constitutes contributory infringement.   After a reasonable opportunity for further investigation or discovery, Matterport will be able to ascertain whether the accused functionality is performed on the cloud-based server and/or the customer's handheld device.   The express purpose of the Accused Instrumentality is to scan and render photorealistic three-dimensional models of real world spaces.   The Accused Instrumentality, and specifically the software running on a customer's device, is not a staple article or commodity of commerce suitable for substantial noninfringing uses.   To the contrary, the infringing functionality—receiving three-dimensional data and building three-dimensional models—is at the core of the very specialized purpose of the Accused Instrumentality.

21.   GeoCV has had knowledge of the '840 Patent since at least September 25, 2018, when counsel for Matterport sent the CEO of GeoCV a letter informing GeoCV of Matterport's allegation that GeoCV infringes the '840 Patent.

22.   Defendant's acts of infringement of the '840 Patent have caused and will continue to cause Matterport damages for which Matterport is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty.

23.   Defendant's infringement of the '840 Patent has been, and continues to be knowing, intentional, and willful, at least since September 25, 2018.

24.   Defendant's acts of infringement of the '840 Patent have caused and will continue to cause Matterport immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.   Matterport has no adequate remedy at law.

**COUNT 2**
**INFRINGEMENT OF U.S. PATENT NO. 9,165,410**

25.   Matterport realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

26.     Matterport owns all right, title, and interest in the '410 Patent, including the right to bring this suit for infringement.  A copy of the '410 Patent is attached hereto as Exhibit B.

27.     GeoCV has offered for sale, sold, made, and/or used in the United States GeoCV products and services that infringe the '410 Patent, and continues to do so.  By way of illustrative example, these infringing products and services include without limitation the Accused Instrumentality.

28.     GeoCV has directly infringed and continues to infringe the '410 Patent, for example, by using  the Accused Instrumentality, which performs a method for building a three-dimensional composite scene claimed by Claim 1 of the '410 Patent, comprising: receiving, by a system comprising a processor, two or more sets of three-dimensional data respectively comprising points in a three-dimensional coordinate space, wherein the points are respectively associated with three dimensional feature information, and wherein the two or more sets are associated with different capture positions relative to the three dimensional coordinate space; determining, by the system, an alignment between the two or more sets; and determining, by the system, a spatial distortion to be applied to at least one set of the two or more sets based on the alignment to optimize the alignment.  The Accused Instrumentality includes a cloud-based server for constructing three-dimensional renderings.  When constructing these renderings, the Accused Instrumentality receives panoramic images and three-dimensional scans from different capture positions within a three-dimensional coordinate space.  For example, in the demo shown below, each dot (three white and one red) represents captures at different positions:



https://www.youtube.com/watch?v=bjOQL3l2jkE.    After receiving sets of three dimensional data, the server of the Accused Instrumentality aligns the data by relying on geometry and texture in order to create a three-dimensional rendering.  *Id.* After a reasonable opportunity for further investigation or discovery, including the inspection of non-publicly available source code, Matterport believes it will have evidentiary support for its contention that, as part of this rendering process, the Accused Instrumentality determines a spatial distortion to be applied in order to create a photorealistic rendering of the three-dimensional space.

29.    GeoCV has had knowledge of the '410 Patent since at least September 25, 2018, when counsel for Matterport sent the CEO of GeoCV a letter informing GeoCV of Matterport's allegation that GeoCV infringes the '410 Patent.

30.    Defendant's acts of infringement of the '410 Patent have caused and will continue to cause Matterport damages for which Matterport is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty.

31.    Defendant's infringement of the '410 Patent has been, and continues to be knowing, intentional, and willful, at least since September 25, 2018.

32.     Defendant's acts of infringement of the '410 Patent have caused and will continue to cause Matterport immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Matterport has no adequate remedy at law.

**COUNT 3**
**INFRINGEMENT OF U.S. PATENT NO. 9,171,405**

33.     Matterport realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

34.     Matterport owns all right, title, and interest in the '405 Patent, including the right to bring this suit for infringement.  A copy of the '405 Patent is attached hereto as Exhibit C.

35.     GeoCV has offered for sale, sold, made, and/or used in the United States GeoCV products and services that infringe the '405 Patent, and continues to do so.  By way of illustrative example, these infringing products and services include without limitation the Accused Instrumentality.

36.     GeoCV has directly infringed and continues to infringe the '405 Patent, for example, by using  the Accused Instrumentality, which performs a method for building a three-dimensional composite scene claimed by Claim 1 of the '405 Patent, comprising:  receiving, by a system comprising a processor, two or more sets of three dimensional data comprising points in a three dimensional coordinate space, wherein the points are respectively associated with three dimensional feature information, and wherein the two or more sets are associated with different capture positions relative to the three dimensional coordinate space; determining, by the system, an alignment between the two or more sets of three dimensional data based on the three dimensional feature information for the points respectively included therein; generating, by the system, a three dimensional representation of an environment with the two or more sets of three dimensional data based on the alignment; and filling, by the system, a hole identified in the three

dimensional representation of the environment. The Accused Instrumentality includes a cloud-based server for constructing three-dimensional renderings. When constructing these renderings, the Accused Instrumentality receives panoramic images and three-dimensional scans from different capture positions within a three-dimensional coordinate space. For example, in the demo shown below, each dot (three white and one red) represents captures at each positions:



https://www.youtube.com/watch?v=bjOQL3l2jkE. After receiving sets of three dimensional data, the server of the Accused Instrumentality aligns the data by relying on geometry and texture in order to create a three-dimensional rendering. *Id*. After a reasonable opportunity for further investigation or discovery, including the inspection of non-publicly available source code, Matterport believes it will have evidentiary support for its contention that, as part of this rendering process, the Accused Instrumentality fills in missing depth data in the final three-dimensional rendering.

37.    In addition to directly infringing the '405 Patent, GeoCV has contributed to the infringement of at least claim 1 of the '405 Patent pursuant to 35 U.S.C. § 271(c) by offering to sell and selling the Accused Instrumentality to customers within the United States with knowledge of the '405 Patent. To the extent that the stated functionality above takes place on

software specially designed by GeoCV to run on a customer's handheld device (as opposed to on the cloud-based server), that software constitutes a material part of the invention of the '405 Patent, and GeoCV's sale of that software constitutes contributory infringement.   After a reasonable opportunity for further investigation or discovery, Matterport will be able to ascertain whether the accused functionality is performed on the cloud-based server and/or the customer's handheld device.   The express purpose of the Accused Instrumentality is to scan and render photorealistic three-dimensional models of real world spaces.   The Accused Instrumentality, and specifically the software running on a customer's device, is not a staple article or commodity of commerce suitable for substantial noninfringing uses.   To the contrary, the infringing functionality—receiving three-dimensional data and building three-dimensional models—is at the core of the very specialized purpose of the Accused Instrumentality.

38.     GeoCV has had knowledge of the '405 Patent since at least September 25, 2018, when counsel for Matterport sent the CEO of GeoCV a letter informing GeoCV of Matterport's allegation that GeoCV infringes the '405 Patent.

39.     Defendant's acts of infringement of the '405 Patent have caused and will continue to cause Matterport damages for which Matterport is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty.

40.     Defendant's infringement of the '405 Patent has been, and continues to be knowing, intentional, and willful, at least since September 25, 2018.

41.     Defendant's acts of infringement of the '405 Patent have caused and will continue to cause Matterport immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Matterport has no adequate remedy at law.

## COUNT 4
## <u>INFRINGEMENT OF U.S. PATENT NO. 8,879,828</u>

42.     Matterport realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

43.     Matterport owns all right, title, and interest in the '828 Patent, including the right to bring this suit for infringement.  A copy of the '828 Patent is attached hereto as Exhibit D.

44.     GeoCV has offered for sale, sold, made, and/or used in the United States GeoCV products and services that infringe the '828 Patent, and continues to do so.  By way of illustrative example, these infringing products and services include without limitation the Accused Instrumentality.

45.     GeoCV has directly infringed and continues to infringe the '828 Patent, for example, by using the Accused Instrumentality, which performs a method for building a three-dimensional composite scene claimed by Claim 1 of the '828 Patent, comprising:  receiving, by a system comprising a processor, three dimensional data for a plurality of three dimensional scenes, the three dimensional data comprising geometric information for features respectively included in the three dimensional scenes; generating, by the system, a plurality of alignment schemes between two or more of the plurality of three dimensional scenes based on the three dimensional data using a spatial transformation; evaluating, by the system, the plurality of alignment schemes based on quality of alignment of the two or more of the plurality of three dimensional scenes as aligned with respect to each of the plurality of alignment schemes; and selecting, by the system, an alignment scheme of the plurality of alignment schemes associated with a higher quality of alignment with respect to other alignment schemes of the plurality of alignment schemes. The Accused Instrumentality includes a cloud-based server for constructing three-dimensional renderings.  When constructing these renderings, the Accused Instrumentality

12

receives panoramic images and three-dimensional scans from different capture positions within a three-dimensional coordinate space. For example, in the demo shown below, each dot (three white and one red) represents captures at each positions:



https://www.youtube.com/watch?v=bjOQL3l2jkE. After receiving sets of three dimensional data, the server of the Accused Instrumentality aligns the data by relying on geometry and texture in order to create a three-dimensional rendering. *Id.* After a reasonable opportunity for further investigation or discovery, including the inspection of non-publicly available source code, Matterport believes it will have evidentiary support for its contention that during the process of aligning the 3D scans, the Accused Instrumentality (1) generates and evaluates possible alignment schemes and (2) selects an alignment scheme associated with a higher quality of alignment with respect to the other schemes.

46.    In addition to directly infringing the '828 Patent, GeoCV has contributed to the infringement of at least claim 1 of the '828 Patent pursuant to 35 U.S.C. § 271(c) by offering to sell and selling the Accused Instrumentality to customers within the United States with knowledge of the '828 Patent. To the extent that the stated functionality above takes place on software specially designed by GeoCV to run on a customer's handheld device (as opposed to on

the cloud-based server), that software constitutes a material part of the invention of the '828 Patent, and GeoCV's sale of that software constitutes contributory infringement.   After a reasonable opportunity for further investigation or discovery, Matterport will be able to ascertain whether the accused functionality is performed on the cloud-based server and/or the customer's handheld device.   The express purpose of the Accused Instrumentality is to scan and render photorealistic three-dimensional models of real world spaces.   The Accused Instrumentality, and specifically the software running on a customer's device, is not a staple article or commodity of commerce suitable for substantial noninfringing uses.   To the contrary, the infringing functionality—receiving three-dimensional data and building three-dimensional models—is at the core of the very specialized purpose of the Accused Instrumentality.

47.     GeoCV has had knowledge of the '828 Patent since at least September 25, 2018, when counsel for Matterport sent the CEO of GeoCV a letter informing GeoCV of Matterport's allegation that GeoCV infringes the '828 Patent.

48.     Defendant's acts of infringement of the '828 Patent have caused and will continue to cause Matterport damages for which Matterport is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty.

49.     Defendant's infringement of the '828 Patent has been, and continues to be knowing, intentional, and willful, at least since September 25, 2018.

50.     Defendant's acts of infringement of the '828 Patent have caused and will continue to cause Matterport immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.   Matterport has no adequate remedy at law.

## COUNT 5
## INFRINGEMENT OF U.S. PATENT NO. 9,953,111

51.     Matterport realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

52.     Matterport owns all right, title, and interest in the '111 Patent, including the right to bring this suit for infringement.  A copy of the '111 Patent is attached hereto as Exhibit E.

53.     GeoCV has offered for sale, sold, made, and/or used in the United States GeoCV products and services that infringe the '111 Patent, and continues to do so.  By way of illustrative example, these infringing products and services include without limitation the Accused Instrumentality.

54.     GeoCV has directly infringed and continues to infringe the '111 Patent, for example, by making, using, selling, and/or offering for sale the Accused Instrumentality, which constitutes a system for semantic understanding of three-dimensional data claimed by Claim 1 of the '111 Patent, comprising: a memory storing computer executable components; and a processor configured to execute the following computer executable components stored in the memory: an identification component that receives captured three-dimensional (3D) data associated with a 3D model of an architectural environment and identifies at least a portion of the captured 3D data associated with a flat surface of an architectural element for the 3D model; and a data generation component that identifies missing data associated with the portion of the captured 3D data and generates additional 3D data for the missing data based on other data related to the portion of the captured 3D data associated with the flat surface of the architectural element for the 3D model.  The Accused Instrumentality includes a cloud-based server for constructing three-dimensional renderings.  When constructing these renderings, the Accused Instrumentality receives panoramic images and three-dimensional scans from different capture

positions within a three-dimensional coordinate space.  The Accused Instrumentality identifies a flat surface of an architectural element for the three-dimensional model. For example, the flat surface can be a floor or a wall.  After a reasonable opportunity for further investigation or discovery, including the inspection of non-publicly available source code, Matterport believes it will have evidentiary support for its contention that, during the process of constructing three-dimensional renderings, the Accused Instrumentality fills in missing depth data in the final three-dimensional rendering.

55.    In addition to directly infringing the '111 Patent, GeoCV has contributed to the infringement of at least claim 1 of the '111 Patent pursuant to 35 U.S.C. § 271(c) by offering to sell and selling the Accused Instrumentality to customers within the United States with knowledge of the '111 Patent.  To the extent that the stated functionality above takes place on software specially designed by GeoCV to run on a customer's handheld device (as opposed to on the cloud-based server), that software constitutes a material part of the invention of the '111 Patent, and GeoCV's sale of that software constitutes contributory infringement.  After a reasonable opportunity for further investigation or discovery, Matterport will be able to ascertain whether the accused functionality is performed on the cloud-based server and/or the customer's handheld device.  The express purpose of the Accused Instrumentality is to scan and render photorealistic three-dimensional models of real world spaces.  The Accused Instrumentality, and specifically the software running on a customer's device, is not a staple article or commodity of commerce suitable for substantial noninfringing uses.  To the contrary, the infringing functionality—receiving three-dimensional data and building three-dimensional models—is at the core of the very specialized purpose of the Accused Instrumentality.

56.     GeoCV has had knowledge of the '111 Patent since at least September 25, 2018, when counsel for Matterport sent the CEO of GeoCV a letter informing GeoCV of Matterport's allegation that GeoCV infringes the '111 Patent.

57.     Defendant's acts of infringement of the '111 Patent have caused and will continue to cause Matterport damages for which Matterport is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty.

58.     Defendant's infringement of the '111 Patent has been, and continues to be knowing, intentional, and willful, at least since September 25, 2018.

59.     Defendant's acts of infringement of the '111 Patent have caused and will continue to cause Matterport immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Matterport has no adequate remedy at law.

## COUNT 6
## INFRINGEMENT OF U.S. PATENT NO. 10,030,979

60.     Matterport realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

61.     Matterport owns all right, title, and interest in the '979 Patent, including the right to bring this suit for infringement.  A copy of the '979 Patent is attached hereto as Exhibit F.

62.     GeoCV has offered for sale, sold, made, and/or used in the United States GeoCV products and services that infringe the '979 Patent, and continues to do so.  By way of illustrative example, these infringing products and services include without limitation the Accused Instrumentality.

63.     GeoCV has directly infringed and continues to infringe the '979 Patent, for example, by making, using, selling, and/or offering for sale the Accused Instrumentality, which constitutes a system for generating a navigation path through a captured three-dimensional model

claimed by Claim 1 of the '979 Patent, comprising: a memory storing computer executable components; and a processor configured to execute the following computer executable components stored in the memory: a waypoint location component that determines at least one waypoint location within a captured three-dimensional (3D) model of an architectural environment and virtual 3D view data for the at least one waypoint location that is indicative of a virtual 3D view from the at least one waypoint location; a path component that determines a path within the captured 3D model to navigate between a first location associated with the captured 3D model and a second location associated with the captured 3D model based on the virtual 3D view data associated with the at least one waypoint location; and an output component that transmits, to a remote client device, visual data indicative of two-dimensional (2D) data or 3D data of the captured 3D model along the path to simulate, via the remote client device, virtual navigation of the path within the captured 3D model between the first location and the second location.   The Accused Instrumentality provides for navigation through a virtual three-dimensional rendering of a space.  To navigate through a particular path, waypoint locations are determined that form part of a navigation path. Possible waypoint locations are indicated by an opaque white dot surrounded by a circle, an example of which can be seen here:



The Accused Instrumentality determines a path between at least two locations based on the respective waypoint locations of a three-dimensional model to form a three-dimensional visualization path.   The Accused Instrumentality transmits the three-dimensional visualization path between at least a first and second location to a remote client.    While moving from a first waypoint location to a second waypoint location, the server transmits visual data indicative of moving along that path.   In the Accused Instrumentality, this visualization is meant to simulate walking from one waypoint location to the next, passing the surrounding structural features and objects along the path.

64.    GeoCV has had knowledge of the '979 Patent since at least September 25, 2018, when counsel for Matterport sent the CEO of GeoCV a letter informing GeoCV of Matterport's allegation that GeoCV infringes the '979 Patent.

65.    Defendant's acts of infringement of the '979 Patent have caused and will continue to cause Matterport damages for which Matterport is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty.

66.    Defendant's infringement of the '979 Patent has been, and continues to be knowing, intentional, and willful, at least since September 25, 2018.

67.    Defendant's acts of infringement of the '979 Patent have caused and will continue to cause Matterport immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.   Matterport has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Matterport respectfully requests that this Court enter:

a.    A judgment in favor of Plaintiff that GeoCV has infringed, either literally and/or under the doctrine of equivalents, the '840 Patent, the '410 Patent, the '405 Patent, the '828 Patent, the '111 Patent, and the '979 Patent;

b.      A preliminary and permanent injunction prohibiting GeoCV from further acts of infringement of the '840 Patent, the '410 Patent, the '405 Patent, the '828 Patent, the '111 Patent, and the '979 Patent;

c.      A judgment and order requiring GeoCV to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the '840 Patent, the '410 Patent, the '405 Patent, the '828 Patent, the '111 Patent, and the '979 Patent, such damages to be increased as a result of GeoCV's willful infringement;

d.      A judgment and order requiring GeoCV to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, prejudgment and post-judgment interest;

e.      A judgment and order that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Stephen J. Kraftschik (#5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
skraftschik@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Clement Roberts
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrickilding
405 Howard Street
San Francisco, CA  94105-2669
(415) 773-5700

Alyssa Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
(213) 629-2020

October 11, 2018